UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH M. WEBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:11-CV-327 |
| ) | |
| TRADEMYGUN, INC. d/b/a ) | |
| PAINTBALL PLEX, and ) | |
| MICHAEL SCHLEMMER, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This case was filed in this Court on September 16, 2011, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 1.)  The Complaint alleges that Plaintiff Joseph M. Webber is an individual residing in Madison County, Illinois, and that Defendant Michael Schlemmer is an individual residing in Noble County, Indiana.  (Compl. ¶¶ 1, 3.)

The Complaint, however, is inadequate.  This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1]  *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332.  "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of*

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

*Am.*, *Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to both Plaintiff Weber and Defendant Schlemmer, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Complaint reciting the citizenship of Plaintiff Weber and Defendant Schlemmer by October 10, 2011.

SO ORDERED.

Enter for this 26th day of September, 2011.

/S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge